# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-206(3) (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| David John Martin, a/k/a Lurch, | |
| Defendant. | |

This matter is before the Court upon Defendant David John Martin's ("Defendant") objections (Doc. No. 169) to Magistrate Judge Leo I. Brisbois's December 14, 2012 Report and Recommendation (Doc. No. 168) insofar as it recommends that Defendant's motion to suppress evidence be denied. The United States filed a response to Defendant's objections on January 11, 2013. (Doc. No. 173.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

Having carefully reviewed the record, the Court concludes that Defendant's objections offer no basis for departure from the Report and Recommendation. In particular, Defendant argues that his arrest and search incident thereto were invalid.

(Doc. No. 169 at 1.) The Court concludes, however, as did Magistrate Judge Brisbois, that based on the totality of the circumstances of this case, "an objectively reasonable police officer could have concluded that probable cause existed to believe that Defendant had committed a public nuisance" in violation of Red Lake Tribal Code § 507.04(a).[1] (Doc. No. 168 at 6 (internal quotation omitted).) Here, the arresting officers were entitled to rely on information provided by Mr. Good, the victim of the crime. *See Benigni v. Smith*, 121 Fed. Appx. 164, 165 (8th Cir. 2005) ("Officers are entitled to rely on the veracity of information supplied by the victim of a crime."). Moreover, while it is unclear exactly how long the interaction between Mr. Good and Defendant went on before Mr. Good vacated the premises, officers did ultimately find Defendant in Mr. Good's residence, where Mr. Good had reported Defendant to be. Consequently, Defendant has failed to demonstrate that his arrest was not supported by probable cause and that suppression of any evidence is warranted. Defendant's motion to suppress is thus properly denied.

---

[1] A "public nuisance" is defined, in part, as follows:

> Any Indian who by his act or failure to perform an act does any of the following is guilty of maintaining a public nuisance, which is a misdemeanor:
> a) causes a disturbance to the health, safety or peace and comfort of any number (including one) of members of the public . . . .

Red Lake Tribal Code § 507.04.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant David John Martin's objections (Doc. No. [169]) to Magistrate Judge Leo I. Brisbois's December 14, 2012 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's December 14, 2012 Report and Recommendation (Doc. No. [168]) is **ADOPTED**.

3. Defendant's motion to suppress evidence (Doc. No. [95]) is **DENIED**.

Dated: January 24, 2013         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge